IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SOFTBELLY'S, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TY INC., | ) |
| | ) JURY DEMANDED |
| Defendant. | ) |

## COMPLAINT

Now comes Plaintiff SOFTBELLY'S, INC., by its undersigned counsel Hale Law LLC, and Loevy & Loevy, and for its complaint against Defendant TY, INC., alleges as follows:

## INTRODUCTION

1. This is a patent infringement lawsuit involving patent claims that were confirmed to be valid by the Patent Office in a previous re-examination proceeding.

2. SOFTBELLY'S contends that TY deliberately copied SOFTBELLY'S products that TY, based at least upon its own prior trademark infringement lawsuit against those SOFTBELLY'S products, knew were patented.

## PARTIES

3. Plaintiff SOFTBELLY'S, INC. is the owner of all right, title, and interest in U.S. Patent No. 6,195,831 ("the Patent"). SOFTBELLY'S has its principal place of business in California.

4. Defendant TY, INC. has its principal place of business in Oak Brook, Illinois, and is the largest manufacturer of stuffed plush toys in the world, including Beanie Babies.

## JURISDICTION AND VENUE

5. This case presents a federal question of patent infringement under 35 U.S.C. § 271 and 281, and as a result, this Court has subject matter jurisdiction.

6. TY has its principal place of business in this district and is subject to personal jurisdiction in this district.

7. TY has committed acts of infringement in this district and has a regular and established place of business in this district, making this district a proper venue.

## THE PATENT

8. The Patent at issue is titled "Display Screen Cleaning Tool" and issued on March 6, 2001, based on an application filed November 4, 1998. A true and correct copy, along with its re-examination certificate, is attached as Exhibit A.

9. The Patent is generally directed to a tool in the shape of a soft, squeezable, three-dimensional doll-like figure that includes an optical-grade fabric surface for cleaning things like computer and phone screens.

10. Not long after the Patent issued, Boone Consumer Group, Inc. requested that the Patent Office re-examine the Patent, claiming that the Patent Office failed to consider certain prior art, including a TY Beanie Baby product.

11. After multiple years of re-examination, including appeals to the Board of Patent Appeals & Interferences, the Patent Office confirmed the patentability of Claims 15 and 16 of the Patent, finding that they were neither anticipated nor rendered obvious by the prior art.

## THE INFRINGING PRODUCT

12. SOFTBELLY'S accuses TY of infringing at least Claim 15 of the Patent through its making, using, offering for sale, sale, and importation of the following products: Peek-a-Boo; Teeny Tys; Beanie Baby Boos; and any other soft, squeezable, three-dimensional doll-like

figures that include an optical-grade fabric surface and practice the elements of the Patent ("Accused Products").

13. The Accused Products include, but are not limited to, those that are sold or offered for sale on the Ty website, on Amazon, through Walmart stores, and through licensing or other arrangements with McDonald's, Universal, Major League Baseball, Viacom, Nickelodeon, and others.

14. The Accused Products are three-dimensional doll-like figures.

15. The Accused Products are comprised of strips of fabric material sewed together to form a doll-like figure.

16. The Accused Products have both outer surface portions and at least one inner chamber that is formed from strips of fabric material.

17. The Accused Products contain an optical-grade fabric for cleaning a display screen, such as a phone, tablet, or laptop, along with other, non-optical-grade fabrics.

18. The Accused Products contain stuffing material.

19. The Accused Products are squeezable.

**TY'S DELIBERATE COPYING OF THE SOFTBELLY PRODUCT AND WILLFUL INFRINGEMENT OF THE PATENT**

20. In August 2000, TY sued SOFTBELLY'S for trademark infringement.

21. TY's trademark suit claimed that the SOFTBELLY'S "Screenie Beanies" product infringed the Beanie Babies trademark.

22. TY acknowledged in its trademark complaint that SOFTBELLY'S Screenie Beanies product was a soft doll with a chamois belly for wiping computer screens.

23. The Screenie Beanies products have been marked with the Patent number.

24. During the exchange of letters leading up to the trademark complaint, SOFTBELLY'S explained that the Screenie Beanies product differed from any Beanie Babies product because no Beanie Babies product included a surface for cleaning a display screen. TY did not dispute that it had not sold any screen-cleaning dolls or other products at that time.

25. TY first began developing and offering the Accused Products on a date after it had learned of the Screenie Beanies product and the Patent.

26. Upon information and belief, TY has been aware of the re-examination certificate that issued for Claims 15 and 16 of the Patent.

27. Upon information and belief, TY deliberately copied the Screenie Beanies product in developing its own Accused Products.

28. Upon information and belief, TY did not endeavor to design around the Patent in developing its Accused Products.

29. Upon information and belief, TY did not obtain an opinion of counsel regarding the Patent prior to commencing the activities accused of infringement in this case.

## COUNT I – WILLFUL PATENT INFRINGEMENT

30. The above paragraphs are incorporated herein.

31. SOFTBELLY'S owns the Patent.

32. Claim 15 of the Patent was duly issued and affirmed in re-examination, and is presumed valid.

33. TY has infringed at least Claim 15 of the Patent at least through its sale, offer for sale, and importation in the United States of the Accused Products.

34. TY's infringement was willful.

**WHEREFORE,** Plaintiff ask the Court to:

35. Declare that TY has infringed the Patent;

36. Award damages in the amount of lost profits or a reasonable royalty;

37. Award treble damages for willful infringement;

38. Award attorney fees and costs pursuant to Section 285 of the Patent Act;

39. Grant any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

                                                                     RESPECTFULLY SUBMITTED,

                                                                     */s/ Matthew V. Topic*

                                                                     Attorneys for Plaintiff

Jonathan Loevy
Matthew Topic
Joshua Burday
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
matt@loevy.com
joshb@loevy.com

Andrew Hale
Hale Law LLC
53 West Jackson
Suite 330
Chicago, IL 60604
(312) 341-9646
ahale@ahalelaw.com